**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | |
|---|---|
| GENERAL III, LLC, *et al.*, | |
| Plaintiffs, | |
| v. | No. 25-cv-03612 |
| CITY OF CHICAGO, *et al.*, | Hon. April M. Perry |
| Defendants. | |

**PARTIES' JOINT MOTION TO EXTEND
ANSWER DEADLINE AND STAY PROCEEDINGS**

Defendants the City of Chicago (the "City") and Dr. Olusimbo Ige, in her official capacity as Commissioner of the City's Department of Public Health, together with Plaintiffs (together, the "Parties"), respectfully move the Court for an order (i) extending the deadline by which Defendants must answer the Second Amended Complaint and (ii) staying this case pending the outcome of the related case *City of Chicago Department of Public Health v. City of Chicago Department of Administrative Hearings and General III, LLC*, No. 24-1683 (the "Permit Appeal"), currently pending before the Illinois Appellate Court. In support, the Parties state as follows:

1. In November 2020, Plaintiff Southside Recycling submitted an application to the Chicago Department of Public Health ("CDPH") for a large recycling facility permit to operate a metal recycling facility.

2. On July 1, 2021, while that application was pending, Southside Recycling filed this action in the Circuit Court of Cook County, Illinois, seeking mandamus and injunctive relief. *General III, LLC d/b/a Southside Recycling, et al. v. City of Chicago, et al.*, Case No. 2021-CH-03222. The complaint also included a breach of contract claim. The claims for mandamus and injunctive relief were dismissed and only the breach of contract claim remained.

3. On February 18, 2022, the Commissioner of CDPH denied Southside Recycling's permit application. Southside Recycling challenged that permit denial before the City's Department of Administrative Hearings ("DOAH"). That proceeding culminated in a June 1, 2023, decision vacating the Commissioner's permit denial. Defendants here sought administrative review of the DOAH decision in the Circuit Court, and on August 16, 2024, the Circuit Court reversed the ALJ's decision. *City of Chicago Dep't of Pub. Health v. City of Chicago Dep't of Admin. Hearings*, 2023CH06165 (Cir. Ct. Cook Cty., Ill.). Southside Recycling appealed the Circuit Court's decision; that appeal has been fully briefed and is pending. *City of Chicago Dep't of Public Health v. City of Chicago Dep't of Admin. Hearings*, No. 24-1683 (Ill. App. Ct).

4. Prior to removal, the state court stayed this action pending the outcome of the permit denial litigation and appeals detailed above, and the parties entered into a tolling agreement tolling any additional claims. The state court lifted the stay in December 2024, and the tolling agreement was terminated.

5. On March 11, 2025, Southside Recycling filed its Second Amended Complaint in this action, adding federal claims including takings, equal protection, and due process claims under the Fifth and Fourteenth Amendments of the United State Constitution. The claims in the Second Amended Complaint are premised on the argument, among other things, that the denial of the permit to Southside Recycling was outside of the CDPH Commissioner's authority.[1]

---

[1] The Parties reserve all rights and defenses regarding the allegations in the Second Amended Complaint, and nothing in this Motion is intended to be a statement on the merits of the claims or defenses in this action.

6. On April 3, 2025, the City removed the action to this Court. Under Federal Rule of Civil Procedure 81(c)(2)(C), Defendants' deadline to answer the Second Amended Complaint is April 10, 2025.

7. The Parties now seek to continue the stay in this action so that the related litigation may reach its conclusion before litigating the claims in this case. The Parties believe that the outcome of the Permit Appeal will impact the scope of the claims and defenses, including but not limited to the scope of discovery in this case.

8. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A stay pending the outcome of litigation in another court between the same parties, involving the same or controlling issues is an acceptable means of avoiding unnecessary duplication of judicial machinery." *Aetna State Bank v. Altheimer*, 430 F.2d 750, 755 (7th Cir.1970). Courts generally consider three factors when determining whether to grant a stay: (1) whether a stay will simplify the issues in question and streamline the trial; (2) whether a stay will reduce the burden of litigation on the parties and on the court; and (3) whether a stay will unduly prejudice or tactically disadvantage the non-moving party. *In re Groupon Derivative Litig.*, 882 F. Supp. 2d 1043, 1045 (N.D. Ill. 2012).

9. All three factors counsel in favor of staying this action. Awaiting the conclusion of the Permit Appeal will clarify the issues that will be in question before this Court regarding the propriety of the permit denial, interpretations of Illinois state law, and damages. A stay would reduce the likelihood of unnecessary burden on the Parties and the Court by avoiding duplication of work on motion practice and discovery on issues that are either directly implicated by the

Permit Appeal or will likely be affected by the court's rulings. And no prejudice to the Parties exists here, since the Parties make this request jointly.

## CONCLUSION

WHEREFORE, the Parties respectfully request that the Court enter an order (i) extending Defendants' time to answer the Second Amended Complaint and (ii) staying these proceedings pending the outcome of the related litigation in this matter, and granting such further relief as is just and proper.

Date:   April 10, 2025                                   Respectfully submitted,

                                                         MARY B. RICHARDSON-LOWRY,
                                                         Corporation Counsel for the City of Chicago

 /s/  *Jeffrey A. Rossman (with permission)*      By:    /s/ *Bradley G. Wilson*
JEFFREY A. ROSSMAN                                       BRADLEY G. WILSON
jrossman@sgrlaw.com                                      bradley.wilson@cityofchicago.org
TERRENCE SHEAHAN                                         AMIE L. MEDLEY
tsheahan@sgrlaw.com                                      amie.medley@cityofchicago.org
Smith Gambrell Russell                                   City of Chicago, Department of Law
311 South Wacker Drive, Suite 3000                       Constitutional and Commercial
Chicago, Illinois 60606                                   Litigation Division
(312) 360-6784                                           2 North LaSalle Street, Suite 520
                                                         Chicago, Illinois 60602
                                                         (312) 744-7686 / 2742

*Attorneys for Plaintiffs*                               *Attorneys for Defendants*

4